Dominic SIRIANNI, Plaintiff,

v.

**GENERAL MOTORS CORP. and Avis Rent A Car Systems, Inc., Defendants and Third-Party Plaintiffs,**

v.

**GREAT ATLANTIC AND PACIFIC TEA COMPANY, a corporation, Third-Party Defendant.**

**Civ. A. No. 67–514.**

United States District Court,

W. D. Pennsylvania.

June 12, 1970.

Metz, Cook, Hanna & Kelly, Pittsburgh, Pa., for plaintiff.

Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for General Motors Corp.

Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for Avis Rent A Car Systems, Inc.

Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for Great Atlantic and Pacific Tea Co.

### OPINION

WEBER, District Judge.

In this case Plaintiff was an employee of the Great Atlantic and Pacific Tea Company engaged in driving a truck on its business. The plaintiff alleges

that the truck went out of control and struck a tree. As an employee he would be barred from suit against the Great Atlantic and Pacific Tea Company because he is covered by the Pennsylvania Workmen's Compensation Act. He brought suit against General Motors Corporation, the manufacturer, and against Avis Rent A Car Systems, Inc., the owner-lessor of the truck, alleging that a defective condition in the truck was the cause of the accident. The truck in question was leased from Avis to A & P under a written lease defining the obligations of the parties as to use, care and maintenance of the vehicles.

Avis brought a third-party complaint against the A & P. Under paragraph 5 of the Third-Party Complaint Avis alleges that A & P is under an obligation to indemnify, hold harmless and provide a defense for this type of claim.

Third-party defendant A & P has moved for Partial Summary Judgment solely on the question of whether there is any *contractual* obligation of A & P to indemnify, save harmless and provide a defense for Avis on the type of claim presented here.

By Answers to Interrogatories Avis has admitted that its sole basis for a *contractual* obligation to indemnify, save harmless, and defend Avis rests upon Sec. IV(C) of the lease between Avis and A & P.

A great deal of effort has been expended by Avis to establish that summary judgment is not applicable in this situation because there are genuine issues of material fact on the right of indemnity. This is not disputed. There are factual and legal issues present on the question of Avis' right to indemnity as a matter of law, including the related questions of the respective control of the parties over the vehicle, the alleged negligence of the parties, and possibly the intent of the parties as to the relevant transactions between them.

But we are considering the issue raised within the terms of Fed. R. of Civ. P. 56(d) *Case Not Fully Adjudicated on Motion,* which provides for a determination of material facts which exist without controversy and the determination of the effect of these facts as a matter of law in the further conduct of the case.

A & P in its motion raises the sole question of whether the terms of Sec. IV (C) of the lease require it to give indemnity, to save harmless, or provide a defense as a matter of contractual obligation to Avis.

The applicable provision of the lease agreement is as follows:

IV(c) "That the Automobile Public Liability and Property Damage Insurance coverages shall be furnished and maintained in full force and effect throughout the term of this Agreement on each VEHICLE by the CUSTOMER at the CUSTOMER'S sole cost and expense. The insurance policy or policies providing the foregoing coverage shall be written by a reputable insurance company or companies authorized to transact business in all of the states in which the VEHICLES will be used or operated; shall protect the interest of AVIS, and the CUSTOMER, including their authorized drivers, with respect to their liability for bodily injuries to or the death of third persons and damage to property (including the loss of use thereof) of third persons resulting from the ownership, maintenance or use of the VEHICLES, including loading and unloading of said VEHICLES; and shall provide that the insurance company or companies issuing such policy or policies shall notify both AVIS and the CUSTOMER of any cancellation thereof at least ten (10) days prior thereto. Limits of such policy or policies shall be $100,000 per bodily injury (including death resulting therefrom) to any one person subject

to $300,000 per accident and $100,000 for the injury to or destruction of property per accident. The party thus furnishing the foregoing coverages shall furnish the other party with certificates of insurance or other evidence of the said insurance coverages. In the event that CUSTOMER elects CUSTOMER agrees that it will protect AVIS from any and all liability arising from the operation, maintenance and use of the VEHICLES covered by the terms of this agreement in like manner and to the same extent as would the insurance coverage described in this paragraph."

The position of A & P is that this language does not require it to indemnify, hold harmless, or defend Avis against the type of claim presented in this case; i. e., where the claim is made by A & P's own driver for his own injuries. The agreement provides either that A & P provide *public liability insurance coverage*, *or,* if it undertakes to be a self-insurer, that it will protect Avis from liability in like manner and to the same extent as would be given under the insurance coverage required.

■ We find no ambiguity in the language of this provision that would allow the introduction of extrinsic evidence to determine its meaning.

"Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement." Gianni v. Russell & Co. Inc., 281 Pa. 320, 126 A. 791 [1924], cited in United Refining Co. v. Jenkins, 410 Pa. 126, 189 A.2d 574 [1963].

■ In such a case, where the language is unambiguous, the interpretation of the contract is for the court. Hewes v. McWilliams, 412 Pa. 270, 194 A.2d 339 [1963].

Thus, if the matter were to proceed to trial the court would be required to pass upon the question which we now consider in this motion, and would be required to construe the effect of this contract as a matter of law as it is now being construed.

■ There is no requirement in this provision that A & P purchase a separate insurance policy for Avis to protect Avis against claims of all parties. Rather the contract states that A & P furnish and maintain insurance on each vehicle, which "shall protect the interest of AVIS, and the CUSTOMER (A & P), including their authorized *drivers*, with respect to *their* liability for bodily injury to or the death of *third persons* * * * resulting from the ownership, maintenance 6r use of the VEHICLES." (Emphasis supplied.)

Avis argues that the plaintiff, Sirianni, A & P's driver, is a *third* person with respect to it. But the plain words of this agreement requires that the insurance protect collectively, Avis, A & P, and their driver, against claims of *third persons*. Under this plain language the driver is not a third person as to Avis. He is one of the parties to be insured along with Avis and A & P.

The alternative provision of the lease provides only that if A & P does not elect to provide insurance it will protect Avis to the extent of the insurance coverage agreed to be provided in said section.

It seems obvious here that what Avis is seeking is protection from a product liability claim by a user of its vehicle, a matter in no way suggested by the language of the agreement. The agreement refers to "Automobile Public Liability and Property Damage Insurance" coverage and specifically refers to the claims of third persons. This provision did not require A & P to furnish collision insurance, or medical payment insurance or product liability insurance. The contract required A & P to insure the drivers against claims of third persons, but not for their own injuries. This would be superfluous because A & P would be required to insure its own drivers under the

Pennsylvania Workmen's Compensation law.

What Avis seeks here is to have us leave to a jury the question of A & P's contractual obligation to indemnify, hold harmless and defend Avis from this type of claim, under the contract in question. But the contract itself does not make that provision.

"It is not the province of the court to alter a contract by construction or to make a new contract for the parties; its duty is confined to the interpretation of the one which they have made for themselves, without regard to its wisdom or folly." Moore v. Stevens Coal Co., 315 Pa. 564, 568, 173 A. 661, 662 [1934], cited in Fischer & Porter Co. v. Porter, 364 Pa. 495, 72 A.2d 98 [1950].

## ORDER

Now, *June 12, 1970,* this matter having been raised by Third-Party Defendants Motion for Partial Summary Judgment under Fed. R. of Civ. P. 56(d), and the Court finding no genuine issue of material fact with respect to the question of law at issue, it is

Ordered that the matter proceed to trial under the following finding which shall be controlling on the question at issue:

The Court finds as a matter of law that the lease agreement between Avis and A & P does not require Third Party Defendant A & P to indemnify, save harmless or provide a defense for Third-Party Plaintiff Avis from a claim for personal injury brought by Plaintiff, an employee of A & P, who was driving the vehicle in question at the time of the accident and who claims against Avis as the owner of the vehicle because of the defective condition of the vehicle. This finding in no way prejudices any right of Third-Party Plaintiff Avis, to assert any right of common law indemnity against Third-Party Defendant A & P which may be properly raised under the pleadings and the evidence in this case, within the scope of Fed. R. of Civ. P. 14(a).